**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **INNOVATIVE SPORTS MANAGEMENT, INC. D/B/A INTEGRATED SPORTS MEDIA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SUPER PAN THE BATTERY ATLANTA, LLC D/B/A EL SUPER PAN AT THE BATTERY AND HECTOR JAVIER SANTIAGO,**<br><br>**Defendants.** | **Case No.** __________________________ |

## COMPLAINT FOR DAMAGES

### Designation: Property Rights

### Jurisdiction

1. Plaintiff seeks relief for the Defendants' violations of the Communications Act of 1934, as amended, Title 47 U.S.C. Section 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. Section 553, *et seq.*

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight program hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, publication, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Georgia.

**Venue**

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Northern District of Georgia, Atlanta Division, because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**The Parties**

5. The Plaintiff, Innovative Sports Management, Inc. d/b/a Integrated Sports Media ("Plaintiff"), is and at all relevant times mentioned was a New Jersey corporation with its principal place of business located at 64 North Summit Street, Suite 218, Tenafly, New Jersey 07670.

6. Defendant SUPER PAN THE BATTERY ALTANTA, LLC d/b/a EL SUPER PAN AT THE BATTERY ("El Super Pan") is a Georgia Domestic Limited Liability Company with its principal place of business located at 455 Legends Place SE, Suite 862, Atlanta, Georgia 30339, and its registered agent's address at 1832 Braeburn Circle SE, Atlanta, Georgia 30316. El Super Pan is subject to the venue and jurisdiction of this court.

7. Upon information and belief, in September 2025 Defendant HECTOR JAVIER SANTIAGO ("Hector Santiago") was a controlling manager and the registered agent of El Super Pan. Hector Santiago resides at 1832 Braeburn Circle SE, Atlanta, Georgia 30316, and is subject to the venue and jurisdiction of this Court.

## <u>COUNT I</u>

### (Violation of Title 47 U.S.C. Section 605)

8. Plaintiff had the exclusive nationwide commercial television distribution rights to the Columbia v. Venezuela Soccer Match which took place on September 9, 2025 (this included all pre-game coverage and commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

9. Plaintiff entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of

Georgia, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.)

10. As a commercial distributor of sporting events, including the Program, Plaintiff expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

11. Defendants El Super Pan and Hector Santiago did not contract with the Plaintiff or pay the necessary sublicense fee required to obtain the Program for their commercial establishment. Therefore, they did not have any authorization to show the Program.

12. On September 9, 2025, the Program was shown at El Super Pan located at 455 Legends Place SE, Suite 862, Atlanta, Georgia 30339.

13. El Super Pan and Hector Santiago unlawfully displayed the Program at El Super Pan on the night of September 9, 2025, with full knowledge that the Program was not to be intercepted, received and exhibited by them because they did not have authorization.

14. Hector Santiago, as a controlling manager of El Super Pan, had the right and ability to supervise the display of the Program at El Super Pan.

15. The unauthorized interception, publication, exhibition and divulgence of the Program was done willfully since El Super Pan and Hector Santiago used a deliberate act to receive the Program, which was unauthorized, and it was done for purposes of commercial advantage and private financial gain.

16. Hector Santiago, as controlling manager of El Super Pan, had a strong financial interest in intercepting and exhibiting Plaintiff's Program on September 9, 2025.

17. Title 47 U.S.C. Section 605, *et seq*., prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff had the distribution rights thereto) and prohibits individuals from assisting in the unauthorized publication or use of such communications.

18. By reason of the aforesaid mentioned conduct, El Super Pan and Hector Santiago violated Title 47 U.S.C. Section 605, *et seq.* since they were not authorized to show the Program at El Super Pan.

19. By reason of the Defendants' violation of Title 47 U.S.C. Section 605*, et seq*., Plaintiff has a private right of action.

20. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605 Plaintiff is entitled to the following from Defendants:

(a) Statutory damages for each violation in an amount up to $10,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(i)(II), and also

(b) Statutory damages for each willful violation in an amount up to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

(c) Recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT II

**(Violation of Title 47 U.S.C. Section 553)**

21. Title 47 U.S.C. Section 553 *et seq.* prohibits the unauthorized interception, exhibition, publication, and divulgence of any communications service offered over a cable system.

22. As previously stated, Plaintiff was granted the exclusive nationwide commercial television distribution rights to the Program which took place on September 9, 2025. The Program was only allowed to be exhibited in those commercial establishments which entered into a sublicensing agreement with Plaintiff and paid the required fee.

23. Defendants El Super Pan and Hector Santiago ran, managed and exercised control over El Super Pan in September 2025.

24. Plaintiff has no record of El Super Pan or Hector Santiago ever entering into a sublicensing agreement with Plaintiff or ever paying the required fee for the

Program to be shown at El Super Pan on September 9, 2025.

25. Defendants El Super Pan and Hector Santiago used unlawful means to receive the cable signal required to exhibit the Program.

26. Hector Santiago had the right and ability to supervise the infringement of Plaintiff's Program at El Super Pan.

27. Hector Santiago also had a strong financial interest as controlling manager in the interception and exhibition of the Program at El Super Pan.

28. Because Defendants were not given authorization to show the Program at El Super Pan on September 9, 2025, the aforementioned defendants violated Title 47 U.S.C. Section 553, *et seq.*

29. By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff has a private right of action.

30. As the result of the Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff is entitled to the following from defendants:

A. Statutory damages for each violation in an amount up to $10,000.00 pursuant to Title 47 U.S.C. 553 (c)(3)(A)(ii), and also

B. Statutory damages for each willful violation in an amount up to $50,000.00 pursuant Title 47 U.S.C. 553(c)(3)(B), and also

C. the recovery of full costs pursuant to Title 47 U.S.C. Section 553

(c)(2)(C), and also

D. in the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $10,000.00 against Defendants, and;
2. Enhanced damages up to $100,000.00 against Defendants, and;
3. For reasonable attorneys' fees pursuant to statute, and;
4. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
5. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1. For statutory damages in the amount of $10,000.00 against Defendants, and;
2. Enhanced damages up to $50,000.00 against Defendants and;
3. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;

4. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

5. For such other and further relief as this Honorable Court may deem just and proper.

This the 9th day of October, 2026.

**MOROCHNIK LAW, LLC**

By: /s/ Paul J. Morochnik
Paul J. Morochnik, Esquire
Georgia Bar No. 526465
1080 Peachtree St NE, Suite 1210
Atlanta, Georgia 30309
Ph: (404) 760-7424
Fax:(404) 390-2949
Email: paul@morochnik.com
*Attorneys for Plaintiff*
*Innovative Sports Management, Inc.*
*d/b/a Integrated Sports Media*